IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DEREK WAYNE KIRKPATRICK, | ) | CIV. NO. 12-00080 HG-KSC |
| Petitioner, | ) ) ) | ORDER DISMISSING PETITION |
| vs. | ) ) | |
| FRANCIS X. SEQUEIRA, STATE OF HAWAII, | ) ) ) | |
| Respondents. | ) ) | |

## ORDER DISMISSING PETITION

Before the court is Petitioner Derek Wayne Kirkpatrick's petition for writ of habeas corpus. Petitioner challenges his currently pending state court criminal proceedings in No. 1PC07-1-000400, claiming he was held for more than forty-eight hours before a probable cause determination was made. *See* ECF #1, Pet. at 1. Petitioner states that his trial is scheduled to commence shortly, after the date that he signed the Petition, February 1, 2012. *Id.* at 3; *see also* Hawai'i State Judiciary Ho`ohiki, http://hoohiki1.courts.state.hi.us/jud/Hoohiki/main.

This court may entertain a petition for a writ of habeas corpus under 28 U.S.C. § 2241(c)(3) by a person who is in custody but not yet convicted or sentenced. *See McNeely v. Blanas*, 336 F.3d 822, 824 n.1 (9th Cir. 2003); *Application of Floyd*, 413 F. Supp. 574, 576 (D. Nev. 1976). Although there is no exhaustion requirement for a petition brought under 28 U.S.C. § 2241(c)(3), principles of federalism and comity require that

the court abstain until all state criminal proceedings are completed and the petitioner exhausts available judicial state remedies, unless special circumstances warranting federal intervention can be found. *See Carden v. Montana*, 626 F.2d 82, 83-84 & n. 1 (9th Cir. 1980); *see also Younger v. Harris*, 401 U.S. 37, 43-54 (1971) (under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v. Cox*, 457 F.2d 764, 764–65 (9th Cir. 1972).

*Younger* abstention is appropriate if the state proceedings: (1) are ongoing; (2) implicate important state interests; and (3) afford an adequate opportunity to raise federal constitutional challenges. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Kenneally v. Lungren*, 967 F.2d 329, 331–32 (9th Cir. 1992). Special circumstances warranting federal habeas intervention before trial include proven harassment, bad faith prosecutions and other extraordinary circumstances where irreparable injury can be shown. *Carden*, 626 F.2d at 84 (violation of speedy trial

right not alone an extraordinary circumstance).

All three criteria for *Younger* abstention are met here: Petitioner's state criminal proceedings are ongoing, they implicate important state interests, and they afford him the opportunity to raise his claim. Nor does Petitioner show special circumstances that warrant federal intervention before his trial is held and any appeal is concluded.[1] Thus, this court will abstain and dismiss the petition without prejudice. Petitioner's challenge, that the court lacks jurisdiction over him because he was held over long before probable cause was found, can and should be addressed in the first instance by the state trial court, and then by the state appellate courts, before he seeks a federal writ of habeas corpus. This dismissal is without prejudice to Petitioner filing a new habeas petition after he is convicted and his appeal is concluded.

## II. CONCLUSION

The Petition is DISMISSED without prejudice to refiling a new petition at the conclusion of pending state court criminal proceedings and direct appeal or other post-conviction challenge. A certificate of appealability is DENIED without prejudice. *See* 28 U.S.C. § 2253(c)(2). All pending motions are DENIED. The

---

[1] Petitioner admits that he failed to appear for his originally set trial date on August 2, 2010, and was not apprehended until December 7, 2010. ECF #1, Pet. at 4. Thus, delays in Petitioner's trial appear to be, at least in part, attributable to Petitioner.

Clerk of Court is DIRECTED to terminate this action and close the file.

        IT IS SO ORDERED.

        DATED: February 13, 2012, Honolulu, Hawaii.



                                                  /S/ Helen Gillmor

Helen Gillmor
United States District Judge

*Kirkpatrick v. Sequeira*, Civ. No. 12-00080 HG/KSC; Order Dismissing Petition; psas\Habeas\dmp 2012\Kirkpatrick 12-80 HG (pndg state tr)